BENJAMIN B. WAGNER
United States Attorney
TODD A. PICKLES
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>NEIL A. VAN DYCK,<br><br>            Defendant. | 2:15-CR-00200-GEB<br><br>APPLICATION AND ORDER FOR MONEY JUDGMENT |

On October 23, 2015, defendant Neil A. Van Dyck entered a guilty plea to Count One of the Information, which charges him with Health Care Fraud in violation of 18 U.S.C. § 1347.

As part of his plea agreement with the United States, defendant Neil A. Van Dyck agreed to forfeit voluntarily and immediately $1,230,000.00, as a personal money judgment pursuant to Fed. R. Crim. P. 32.2(b)(1), which reflects a reasonable compromise between the parties for forfeiture purposes concerning the proceeds the defendant obtained as a result of violations of 18 U.S.C. § 1347, to which he has pled guilty.  The money judgment shall be satisfied from funds currently held at National Advisors Trust Company, FSB, Account Numbers ending -0589 and -0197.  Defendant Van Dyck agreed that National Advisors Trust Company, FSB, shall turn the funds over to the custody of the Federal Bureau of Investigation within two weeks of entry of his plea.  See Defendant Van Dyck's Plea Agreement ¶ II.E.  Plaintiff hereby applies for entry of a money judgment as follows:

    1.      Pursuant to 18 U.S.C. § 982(a)(7) and Fed. R. Crim. P. 32.2(b)(1), the Court shall impose

a personal forfeiture money judgment against defendant Neil A. Van Dyck in the amount of $1,230,000.00.

2.	The above-referenced personal forfeiture money judgment is imposed based on defendant Neil A. Van Dyck's conviction for violating 18 U.S.C. § 1347 (Count One).  Said amount reflects a reasonable compromise between the parties for forfeiture purposes concerning the proceeds the defendant obtained, which the defendant agreed is subject to forfeiture based on the offense of conviction.  Any funds applied towards such judgment shall be forfeited to the United States of America and disposed of as provided for by law.

3.	Payment of the personal forfeiture money judgment should be made in the form of a cashier's check made payable to the U.S. Marshals Service and shall be turned over to the custody of the Federal Bureau of Investigation within two weeks of entry of defendant's plea.  Prior to the imposition of sentence, any funds delivered to the United States to satisfy the personal money judgment shall be seized and held by the U.S. Marshals Service, in its secure custody and control.

Dated:   10/26/2015                                 BENJAMIN B. WAGNER
                                                    United States Attorney


                                                    By: /s/ Kevin C. Khasigian
                                                    KEVIN C. KHASIGIAN
                                                    Assistant U.S. Attorney

## O R D E R

For good cause shown, the Court hereby imposes a personal forfeiture money judgment against defendant Neil A. Van Dyck in the amount of $1,230,000.00.  The money judgment shall be satisfied from funds currently held at National Advisors Trust Company, FSB, Account Numbers ending -0589 and -0197.  The National Advisors Trust Company, FSB, shall turn the funds over to the custody of the Federal Bureau of Investigation within two weeks of the defendant's entry of plea.

Any funds applied towards such judgment shall be forfeited to the United States of America and disposed of as provided for by law.  Prior to the imposition of sentence, any funds delivered to the United States to satisfy the personal money judgment shall be seized and held by the U.S. Marshals Service, in its secure custody and control.  If any portion of the forfeited sum of $1,230,000.00 is

returned through the remission or restoration process, the United States will not oppose that amount being credited to the defendant's restitution obligation.

IT IS SO ORDERED.

Dated: October 27, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge