UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

NEIL A. VAN DYCK,

        Defendant.

No. 2:15-cr-00200-GEB

**ORDER CONCERNING SEALING REQUEST**

On November 30, 2015, Clayeo C. Arnold, a Professional Law Corporation ("counsel") submitted for in camera consideration on behalf of its clients ("the clients") multiple documents concerning a request to file under seal a motion (the "motion") in which the clients move to intervene in this criminal action, request a status conference be scheduled, and request a stay of a matter involved in the criminal proceeding. It appears that the clients may also seek to have any hearing concerning the motion be conducted in a closed proceeding and to have sealed any order filed on the motion.

No notice of the sealing request was filed on the public docket as required by Local Rule 141 and the applicable "qualified First Amendment right of access to criminal proceedings" held by members of the press and the public. Press-Enter. Co. v. Super. Court 478 U.S. 1, 13 (1986). The clients

1

1  seek to invoke a secret procedure whereby the Defendant, the

2  press, and the public would have no knowledge of the request to

3  seal or the underlying motion.

4          Further, the clients seem to suggest in their in camera

5  submissions that they must remain anonymous because their

6  identity is currently under seal in another federal proceeding.

7  However, "the identity of the parties in any action, civil or

8  criminal, should not be concealed except in an unusual case[,]"

9  United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008),

10 and the clients have not addressed the following anonymity

11 principles set forth in Does I thru XXIII v. Advanced Textile

12 Corp., 214 F.3d 1058, 1068 (9th Cir. 2000): "a party may preserve

13 his or her anonymity in judicial proceedings in special

14 circumstances when the party's need for anonymity outweighs

15 prejudice to the opposing party and the public's interest in

16 knowing the party's identity."

17         When considering a sealing request, "[w]e begin with

18 the presumption that the public and the press have a right of

19 access to criminal proceedings and documents filed therein." CBS,

20 Inc. v. U.S. Dist. Court, 765 F.2d 823, 825 (9th Cir. 1985). "The

21 right of access is grounded in the First Amendment and in common

22 law . . . and extends to documents filed in pretrial [and post-

23 trial] proceedings as well as in the trial itself." Id. (citation

24 omitted).

25         As the Supreme Court explained in Globe
26 Newspaper Co. v. Superior Court, 457 U.S.
   596, 606 . . . (1982), public access to court
   proceedings allows 'the public to participate
27 in and serve as a check upon the judicial
   process—an essential component in our
28 structure of self-government.' . . . "[T]he

2

> trial of . . . causes should take place under the public eye . . . because it is of the highest moment that those who administer justice should always act under the sense of public responsibility, and that every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed."

Perry v. City & Cnty. of S.F., No. 10-16696, 2011 WL 2419868, at *19 (9th Cir. 2011) (quoting Cowley v. Pulsifer, 137 Mass. 392, 394 (1884)). "While [judges] deliberate in private, [the law] recognize[s] the fundamental importance of issuing public decisions after public arguments based on public records." Stoterau, 524 F.3d at 1012.

The client's sealing request is woefully inadequate since it does not even attempt to satisfy the First Amendment's procedural prerequisites to sealing. See Oregonian Publ'g Co. v. U.S. Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990) (discussing "procedural and substantive [sealing] requirements [under] the first amendment"). The Ninth Circuit

> articulated a two-part test to determine whether the procedural prerequisites to an order closing a criminal proceeding have been met: (1) those excluded from the proceeding must be afforded a reasonable opportunity to state their objections; and (2) the reasons supporting closure must be articulated in findings.

Id. Therefore, it is evident that notice concerning a sealing request "must be docketed sufficiently in advance of a hearing on such [request] to permit intervention by interested members of the public." In re Herald Co., 734 F.2d 93, 102 (2d Cir. 1984); accord Wash. Post v. Robinson, 935 F.2d 282, 288-89 (D.C. Cir. 1991) (stating "notice of [a motion to seal] must be entered [o]n

3

the public docket").

> These procedural . . . safeguards . . . are not mere punctilios, to be observed when convenient. They provide the essential, indeed only, means by which the public's voice can be heard. All too often, parties to the litigation are either indifferent or antipathetic to disclosure requests. This is to be expected: it is not their charge to represent the rights of others. However, balancing interests cannot be performed in a vacuum. Thus, providing the public notice and an opportunity to be heard ensures that the trial court will have a true opportunity to weigh the legitimate concerns of all those affected by a closure decision.

Phx. Newspapers, Inc. v. U.S. Dist. Court, 156 F.3d 940, 951 (9th Cir. 1998).

Further, Local Rule 141(b) prescribes, in relevant part:

> Except in pre-indictment criminal investigations in which sealing is sought, [a] "Notice of Request to Seal Documents" shall be filed electronically . . . . The Notice shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the "Request to Seal Documents," proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and documents were served on all other parties.

The clients' sealing request patently fails to satisfy these procedural requirements. Further, as "the party seeking closure[,]" it is the clients' burden to ensure the procedural requirements are met. Oregonian Publ'g Co., 920 F.2d at 1467 ("[T]he burden is upon the proponent of closure to justify a closure order."). Therefore, the clients' sealing request is DENIED.

Further, the documents emailed to chambers for in camera consideration are treated as having been returned to the

4

clients under the rational of Local Rule 141(e)(1), which prescribes: "If a [sealing r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied."). See also United States v. Baez-Alcaino, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (indicating that when a judge denies a sealing request, the party submitting the request then decides how to proceed in light of the ruling).

This order shall be served on Clayeo C. Arnold, A Professional Law Corporation at 865 Howe Avenue, Sacramento, CA 95825.

Dated:  December 4, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge

5