UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-00200-GEB |
|---|---|
| Plaintiff, | |
| v. | **ORDER STRIKING MOTION FOR AN ORDER STAYING DISBURSEMENT OF FORFEITURE FUNDS PENDING APPEAL** |
| NEIL A. VAN DYCK, | |
| Defendant. | |

Qui tam Relators ("Relators") filed a motion at 5:23 PM on April 14, 2016, the evening before Defendant Neil A. Van Dyck's criminal sentencing hearing scheduled to commence at 9:00 AM on April 15, 2016, in which Relators noticed that the motion was scheduled for hearing in this criminal action at the time scheduled for sentencing. At the sentencing hearing, the "Notice of Motion" portion of the motion was stricken since it did not provide sufficient notice for either party to file a written response to the motion or for judicial consideration of it. Each party orally requested that the motion be stricken. The motion was not stricken at the hearing; however, rather than scheduling the motion for hearing, Relators' motion will be stricken for the following reasons.

Relators seek in their motion "an order staying disbursement of the forfeiture funds" involved in this criminal action under 21 U.S.C. § 853(h), "pending resolution of

1

[R]elators' appeal concerning their entitlement to the forfeiture funds." (Notice of Mot. & Mem. of P. & A. ISO Mot. for Order Staying Disbursement of Forfeiture Funds Pending Appeal ("Mot.") 3:8-10, ECF No. 42.) Relators also seek "in the alternative, a substitute mechanism of obtaining reimbursement from the [United States] once [R]elators' entitlement to the forfeiture funds has been conclusively established." (Mot. 3:10-12.)

Relators' motion erroneously assumes they are litigants in this criminal case. Relators previously filed a motion to intervene in this criminal case, which was denied in an Order filed March 30, 2016 (Order Denying Relators' Mot. to Intervene, ECF No. 37), because it was premised on unsupported conclusory assertions that failed to satisfy Relators' burden of showing that their intervention motion should be granted; specifically, Relators sole evidence as a basis for their intervention motion was allegations in their civil qui tam complaint and a conclusory declaration from their attorney. However, as the Ninth Circuit stated in Bank Melli Iran v. Pahlavi, 58 F.3d 1406, 1412 (9th Cir. 1995), an attorney's declaration that does not establish the declarant's personal knowledge of what is declared is "entitled to no weight." (Order Denying Relators' Mot. to Intervene 6:5-18.) See also United States v. Joy, 192 F.3d 761, 767 (7th Cir. 1999) (explaining that the burden is on the proponent of evidence to show "that a witness had personal knowledge of the facts about which he testified").

Relators' intervention burden required them to present sufficient evidence on each ground they asserted authorized them to intervene in the forfeiture component of this criminal case.

1  Relators argued they could intervene under the "alternate remedy"
2  provision in 31 U.S.C. § 3730(c)(5), because the government
3  "elected," as referenced in this statute, to pursue fraudulently
4  obtained money in this criminal action rather than seeking
5  recovery of that money in the Relators' pending qui tam civil
6  lawsuit. However, Relators failed to support this argument with
7  facts evincing that the "alternate remedy" provision in 31 U.S.C.
8  § 3730(c)(5) entitled them to intervene in this criminal action.
9  Although Relators also indicated an evidentiary hearing should be
10 held on this portion of their intervention motion, as stated in
11 the Order Denying Relators' Motion to Intervene: "An evidentiary
12 hearing on a [criminal] motion . . . need be held only when the
13 moving papers [contain] facts with sufficient definiteness,
14 clarity, and specificity to enable the trial court to conclude
15 that contested issues of fact exist." United States v. Howell,
16 231 F.3d 615, 620 (9th Cir. 2000). (Order Denying Relators' Mot.
17 to Intervene 9:20-23.)

18         Relators also argued they were entitled to intervene
19 under 21 U.S.C. § 853(n), contending they had a statutorily
20 protectable interest in the forfeited money. However, they failed
21 to present sufficient facts establishing, or making arguable,
22 that intervention was appropriate under this statute. (Order
23 Denying Relators' Mot. to Intervene 9:26–10:10.)

24         Lastly, Relators argued for the first time in their
25 reply brief that the Court should exercise its inherent power to
26 authorize intervention as a sanction for the government's
27 purported "disregard [of] . . . Relators' known entitlement to
28 the forfeiture funds." (Qui Tam Relators' Amended Reply 15:24-27,

ECF No. 33.) However, as stated in the Order Denying Relators' Motion to Intervene, "[t]he district court need not consider arguments raised for the first time in a reply brief." (Order Denying Relators' Mot. to Intervene 10:11-20 (citing <u>Zamani v. Carnes</u>, 491 F.3d 990, 997 (9th Cir. 2007)).

Lastly, Relators' stay motion includes reliance on 21 U.S.C. § 853(h) as a basis for the stay. Section 853 provides:

> **(h) Disposition of property**
>
> Following the seizure of property ordered forfeited under this section, the Attorney General shall direct the disposition of the property by sale or any other commercially feasible means, making due provision for the rights of any innocent persons. **Any property right or interest** not exercisable by, or transferable for value to, the United States shall expire and shall not revert to the defendant, nor shall the defendant or any person acting in concert with him or on his behalf be eligible to purchase forfeited property at any sale held by the United States. **Upon application of a person, other than the defendant or a person acting in concert with him or on his behalf, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture**, if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him.

21 U.S.C. § 853(h) (emphasis added).

Relators fail to show they have a property right that is referenced in this statute.

For these reasons, Relators' stay motion is STRICKEN.

Dated: April 21, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4